**Douglas M. BLEVINS, Plaintiff,**

v.

**NEW HOLLAND NORTH AMERICA, INC., Defendant.**

**No. 1:99CV00101.**

United States District Court,
W.D. Virginia,
Abingdon Division.

March 1, 2000.

Order Denying Reconsideration
May 24, 2000.

---

Mary Lynn Tate, The Tate Law Firm, Abingdon, VA, for Douglas M. Blevins, plaintiff.

Calvin S. Spencer, Jr., McGuire, Woods, Battle & Boothe, Charlottesville, VA, Brickford Y. Brown, Dennis Joseph Whelan, III, McGuire, Woods, Battle & Boothe, LLP, Richmond, VA, for New Holland North America, Inc., defendant.

## OPINION AND ORDER

JONES, District Judge.

The question presently before the court in this products liability case is whether a limitation of remedy is unconscionable within the meaning of the Uniform Commercial Code so as not to bar a breach of warranty claim for personal injury to the buyer's employee. Finding that the injured employee has failed to meet his burden to show unconscionability, I grant summary judgment to the defendant as to the plaintiff's breach of warranty claim.

### I

Douglas M. Blevins filed this action against New Holland North America, Inc. ("New Holland") seeking damages as the result of an accident that occurred on July 3, 1997, when Blevins, while employed as a farm worker, was injured by a hay baler designed, manufactured, and sold by New Holland.[1] Three counts of Blevins' complaint seek recovery due to New Holland's alleged negligence. Count IV of the complaint, the object of the present motion, seeks recovery for the claimed breach of the implied warranties of merchantability and fitness for intended use.

After discovery, New Holland has moved for summary judgment as to count IV on the ground that consequential damages for breach of warranty were excluded in connection with the sale of the hay baler. The motion has been briefed and argued and is now ripe for decision.

### II

The essential facts of the case, either undisputed or, where disputed, recited in the light most favorable to the nonmovant on the summary judgment record,[2] are as follows.

The plaintiff Blevins went to work for Vannoy Farms ("Vannoy") a few years af-

---

1. Jurisdiction of this court exists pursuant to diversity of citizenship and amount in controversy. *See* 28 U.S.C.A. § 1332(a) (West 1993 & Supp.1999).

2. The parties have filed affidavits and deposition transcripts.

ter graduating from high school in 1984. He worked on Vannoy's several farms in Virginia and North Carolina, as well as for Vannoy's separate construction business. He was experienced in operating farm equipment.

At some point in time, Vannoy decided to purchase a new hay baler, the business having owned its only other hay baler for twelve years. Mark Vannoy, one of the owners of Vannoy, negotiated the purchase of a New Holland model 644 hay baler. It was delivered to the Vannoy farm premises in Galax, Virginia, on June 26, 1997, by Harold Porter, a salesman for Fowlkes Machinery Company, the local New Holland dealer. Present at the time of delivery were Mark Vannoy; Edward Dollinger, Blevins's stepfather, who was also employed by Vannoy; Blevins, the plaintiff; and perhaps James R. Vannoy, another owner.

Porter had with him a two-page (front and back) form document entitled "Warranty and Limitation of Liability—Agricultural Products." Among other things, this document described New Holland's express warranty applicable to the hay baler. In addition, it contained the following language:

> LIMITATIONS, INCLUDING DISCLAIMER OF IMPLIED WARRANTIES AND CONSEQUENTIAL DAMAGES
>
> This warranty gives you specific legal rights and you may also have other rights which vary, depending on state or provincial laws.
>
> New Holland North America, Inc. or New Holland Canada, Ltd. does not authorize any person or dealer to create for it any other obligation or liability in connection with these products. TO THE EXTENT ALLOWED BY LAW, ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS APPLICABLE TO THIS PRODUCT IS LIMITED TO THE STATED DU-
> RATION OF THIS WRITTEN WARRANTY. NEITHER COMPANY NOR THE SELLING DEALER SHALL BE LIABLE FOR LOSS OF THE USE OF THE PRODUCT, LOSS OF TIME, INCONVENIENCE, COMMERCIAL LOSS OR CONSEQUENTIAL DAMAGES.
>
> Some states and provinces do not allow limitations on how long an implied warranty will last or the exclusion or limitation of incidental or consequential damages, so the above limitations or exclusions may not apply to you.
>
> The remedy of repair or replacement of a defective part during the warranty period herein specified shall be the purchaser's exclusive remedy.

The purchaser's name was filled in on the form by Porter as "Vannoy Farms" and Blevins signed his own name above the space marked "signature." There had been no prior negotiation of the terms of the document, other than perhaps a discussion of the length of the warranty obligation, which was twelve months.

A few days later, on July 3, 1997, while using the hay baler in the course of his employment, Blevins grabbed at some hay sticking out of the mechanism, and his arm was pulled by an operating belt into a "nip" point, causing serious injury.

### III

The parties are in agreement as to the general legal framework surrounding the present motion. The Uniform Commercial Code allows foreseeable users of goods a remedy against the seller, without regard to privity of contract. *See* Va.Code Ann. § 8.2–318 (Michie 1991).[3] A seller may by contract limit the remedies for breach of warranty, *see* Va.Code Ann. § 8.2–316(4) (Michie 1991), and in particular, may exclude consequential damages, unless the exclusion is unconscionable. *See* Va.Code Ann. § 8.2–719(3) (Michie 1991). Personal injuries, such as those claimed here, are a

---

**3.** The parties agree that Virginia law must be applied.

type of consequential damages. *See* Va. Code Ann. § 8.2–715(2)(b) (Michie 1991).

The issue is thus whether New Holland's exclusion of consequential damages is unconscionable. If it is, the plaintiff's breach of warranty claim is not barred. If the exclusion is not unconscionable, the motion for summary judgment must be granted.

■ The parties are also agreed that the plaintiff has the ultimate burden of proof on this issue. Section 8.2–719 provides that "[l]imitation of consequential damages for injury to the person in the case of consumer goods is prima facie unconscionable but limitation of damages where the loss is commercial is not." Va. Code Ann. § 8.2–719(3). Consumer goods are goods "used or bought for use primarily for personal, family or household purposes." *See* Va.Code Ann. § 8.2–103(3) (Michie 1991) (incorporating Va.Code Ann. § 8.9–109(1) (Michie 1991)). Since the hay baler was purchased and used in a commercial enterprise and thus is not consumer goods, the exclusion is not prima facie unconscionable, and the plaintiff here bears the burden of proving that it is unconscionable.[4]

■ Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see* Fed.R.Civ.P. 56(c). Thus, in order to avoid summary judgment against him on this issue, Blevins must produce sufficient factual evidence that the exclusion of consequential damages is unconscionable.[5]

## IV

The essence of unconscionability in this context is "an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." *Carlson v. General Motors Corp.,* 883 F.2d at 292–93 (quoting *Williams v. Walker–Thomas Furniture Co.,* 350 F.2d 445, 449 (D.C.Cir.1965)). The court must consider all of the relevant circumstances in order to determine whether the exclusion of remedies is unconscionable. *See Carlson,* 883 F.2d at 292–93. Naturally enough, the plaintiff contends that the determination should be made from his point of view, emphasizing his lack of opportunity to participate in any negotiation of the exclusion. On the other side, the defendant contends that the issue of unconscionability must be determined from the four corners of the written warranty, or at least solely as to its fairness as to Vannoy, the contracting party.

■ Contrary to the plaintiff's argument, it is settled that a sales contract that is not unconscionable as to the parties themselves cannot be unconscionable as to one of the parties' employees. *See Buettner v. R.W. Martin & Sons, Inc.,* 47 F.3d 116, 119 (4th Cir.1995). Otherwise, the abolition of the defense of privity of contract would allow the noncontracting party to have greater rights under the contract then those persons actually parties to it, which would be an anomaly. *See Reibold*

4. The language of § 8.2–719(3) is not a model of clarity, but the best reading is that where consumer goods are not involved, the exclusion is not prima facie conscionable, but is merely not prima facie unconscionable. *See* James J. White & Robert S. Summers, *Handbook of the Law Under the Uniform Commercial Code* 472 n. 183 (1980).

5. Unconscionability is a matter of law for decision by the court, even in the absence of a motion for summary judgment. *See* Va.Code Ann. § 8.2–302 (Michie 1991); *Carlson v. General Motors Corp.,* 883 F.2d 287, 292 (4th Cir.1989). The parties should be allowed adequate opportunity to present all relevant evidence on the issue, since it is decided on the entire circumstances. *See Carlson,* 883 F.2d at 293. Here the parties have agreed that the court has been presented with all of the facts necessary to determine the issue.

*v. Simon Aerials, Inc.,* 859 F.Supp. 193, 199 (E.D.Va.1994) ("No agreement can possibly be unconscionable with regard to a third party who may benefit from the agreement but who was not a party to the agreement in the first place.").

■ In the present case, there is no showing that Vannoy did not have the business sophistication sufficient to give it meaningful choice as to the provisions of the contract. Vannoy was experienced in purchasing equipment used in its business and in dealing with equipment suppliers. Of course, Vannoy did not actually negotiate the terms of the exclusion, but that is beside the point—the question is whether Vannoy was compelled to accept it by lack of meaningful choice. While Harold Porter described the warranty as not negotiable from New Holland's point of view, there is evidence that Vannoy had the opportunity to purchase a hay baler from other suppliers. There is no evidence that Vannoy's free choice to reject the remedy exclusion was foreclosed.

Moreover, there has been no showing that the exclusion was unreasonably unfair as to Vannoy. There is no evidence that such an exclusion is uncommon or unexpected in farm equipment sales. As noted in *Buettner,* a reasonable employer might well accept such a limitation, and the corresponding economic risk of employee injury, in return for lower equipment costs. *See* 47 F.3d at 119.

The plaintiff argues that the fact that the exclusion of remedies was contained in a paper delivered with the machine, after the sale itself had been negotiated, shows its unconscionability. However, the limitations on warranty here were expressly acknowledged in writing by Vannoy's agent and, unlike the cases cited by the plaintiff, were not unilaterally submitted by the seller. *See, e.g., Vandalia Ranch, Inc. v.*

*Farmers Union Oil & Supply Co. of Hinsdale,* 221 Mont. 253, 718 P.2d 647, 649 (1986) (holding that limitations of remedies printed on cans of herbicide and in instructions were not part of sales contract and thus unnecessary for court to determine unconscionability). In addition, under the Uniform Commercial Code, a modification of a prior agreement needs no consideration to be binding. *See* Va.Code Ann. § 8.2–209(1) (Michie 1991).

While Blevins himself may not have appreciated the significance of the document that he signed on behalf of his employer, it is clear that he had the apparent, if not the actual, authority to bind Vannoy. *See Neff Trailer Sales, Inc. v. Dellinger,* 221 Va. 367, 269 S.E.2d 386, 388 (1980) (setting forth principles of apparent authority). The defendant has presented evidence that Blevins signed numerous documents for Vannoy relating to farm equipment and supplies during his employment. There is no evidence that the document was misrepresented, or that if Blevins had had any doubt as to his authority to agree on behalf of his employer, he could not have declined to accept delivery of the hay baler until there had been opportunity for further consideration of the document.[6]

Based on these considerations, I hold that the plaintiff has not shown that the exclusion of consequential damages was unconscionable.

### V

For the forgoing reasons, it is **ORDERED** that the defendant's motion for summary judgment (Doc. No. 30) is granted, and judgment is entered for the defendant as to count IV of the complaint.

### ORDER

The plaintiff has filed a motion for reconsideration of the opinion and order of

---

**6.** Citing *Carlson,* 883 F.2d at 293, the plaintiff urges that the severity of his injury must be considered in determining the question of unconscionability. Of course, § 8.2–719(3) itself indicates that personal injuries are a factor to be considered. Nevertheless, even considering the nature of Blevins' injury—that it is a personal injury rather than a commercial loss—I do not find the exclusion unconscionable.

March 1, 2000, granting the defendant's motion for summary judgment as to the plaintiff's breach of warranty claim. After careful consideration thereof, it is **ORDERED** that the motion for reconsideration (Doc. No. 70) is denied.